## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## GREENBELT DIVISION

| | |
|---|---|
| **VICKI PIONTEK** | * |
| **951 Allentown Road** | |
| **Landsdale, Pennsylvania 19446,** | * |
| *individually and on behalf of all* | |
| *others similarly situated,* | * |
| | |
| **Plaintiff,** | * |
| | |
| **v.** | * **Civil Action No.: 10-1911** |
| | |
| **THE COLUMBIA BANK,** | * |
| **7168 Columbia Gateway** | |
| **Columbia, Maryland 21046** | * |
| | |
| **Serve on:** | * |
| | |
| **John A. Scaldara, Jr.** | * |
| **7168 Columbia Gateway** | |
| **Columbia, Maryland 21046,** | * |
| | |
| *Defendant.* | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Comes now Vicki Piontek, ("Plaintiff") on behalf of herself and all others similarly situated and alleges as follows:

### INTRODUCTION

1.      Plaintiff Vicki Piontek brings this action individually and on behalf of all others similarly situated against Frederick County Bank, alleging violations of the Electronic Fund Transfer Act, 15 U.S.C. § 1693 *et seq.* and its implementing regulations

12 C.F.R. § 205 *et seq.* (hereinafter referred to collectively as the "EFTA").

2.      The Congressional findings and declaration of purpose regarding the EFTA

are as follows:

>     (a)      Rights and liabilities undefined
>
>     The Congress finds that the use of electronic systems to transfer funds
>     provides the potential for substantial benefits to consumers.  However, due
>     to the unique characteristics of such systems, the application of existing
>     consumer protection legislation is unclear, leaving the rights and liabilities
>     of consumers, financial institutions, and intermediaries in electronic fund
>     transfers undefined.
>
>     (b)      Purposes
>
>     It is the purpose of this subchapter to provide a basic framework
>     establishing the rights, liabilities, and responsibilities of participants in
>     electronic fund transfer systems.  The primary objective of this subchapter,
>     however, is the provision of individual consumer rights.

15 U.S.C. § 1693.

3.      Among other things, the EFTA imposes certain disclosure requirements

upon operators of automated teller machines ("ATMs").

4.      15 U.S.C. § 1693b(d)(3)(A) requires any ATM operator who imposes fees

on consumers in connection with electronic fund transfers to provide notice of the fact

that the fee is being imposed and the amount of the fee.[1]

5.      15 U.S.C. § 1693(d)(3)(B) identifies the location where the required notice

---

[1]      "Electronic fund transfer" is defined as "any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, or computer or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account.  Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, direct deposits or withdrawals of funds, and transfers initiated by telephone . . . ."  15 U.S.C. § 1693a(6).

must be posted as follows:

>   (B)     Notice requirements
>
>       (i)     On the machine
>
>   The notice required under clause (i) of subparagraph (A) with respect to any fee described in such subparagraph shall be posted in a prominent and conspicuous location on or at the automated teller machine at which the electronic fund transfer is initiated by the consumer.
>
>       (ii)     On the screen
>
>   The notice required under clauses (i) and (ii) of subparagraph (A) with respect to any fee described in such subparagraph shall appear on the screen of the automated teller machine, or on a paper notice issued from such machine, after the transaction is initiated and before the consumer is irrevocably committed to completing the transaction . . . .

6.      The relevant implementing regulation, 12 C.F.R. § 205.16(c) reinforces EFTA's statutory posting requirement, mandating that the mandatory fee notice:  1) be posted in a "prominent and conspicuous location" on or at the ATM machine;  and,  2) "on the screen of the automated teller machine or by providing it on paper, before the consumer is committed to paying the fee."  12 C.F.R. § 205.16(c)(1) and (2).

7.      15 U.S.C. § 1693(d)(3)(C), and its implementing regulation, 12 C.F.R. 205.16(e), prohibit ATM operators from imposing a fee on a consumer unless EFTA's notice and posting requirements are followed by the ATM operator.

8.      Specifically, 15 U.S.C. § 1693b(d)(3)(C) states, in relevant part:

>   (C)     Prohibition on fees not properly disclosed and explicitly assumed by the consumer.
>
>       No fee may be imposed by any automated teller machine operator in

3

> connection with any electronic fund transfer initiated by a consumer
> for which a notice is required under subparagraph (A), unless—
>
> > (i)    The consumer receives such notice in accordance with
> > subparagraph (B) . . . .

9.      In connection with 2006 amendments to the EFTA, the Board of Governors of the Federal Reserve published its Final Rule and official staff interpretation which, *inter alia*, explained the EFTA's disclosure requirements as follows:

> The final rule clarifies the two-part disclosure scheme established in
> Section 904(d)(3)(B) of the EFTA.  The first disclosure, on ATM
> signage posted on or at the ATM, allows consumers to identify
> quickly ATMs that generally charge a fee for use.  This disclosure is
> not intended to provide a complete disclosure of the fees associated
> with the particular type of transaction the consumer seeks to
> conduct.  Until a consumer uses his or her card at an ATM, the ATM
> operator does not know whether a surcharge will be imposed for that
> particular consumer.  Rather it is the second, more specific
> disclosure, made either on the ATM screen or on an ATM receipt,
> that informs the consumer before he or she is committed to the
> transaction whether, in fact, a fee will be imposed for the transaction
> and the amount of the fee . . . .

71 F.R. 1638, 1656.

10.      The EFTA imposes strict liability upon ATM operators which fail to comply with its disclosure requirements.  *See, e.g., Flores v. Diamond Bank,* 2008 WL 4861511, *1 (N.D. Ill. Nov. 7, 2008)(Hibbler, J.)("Among the protections afforded to consumers is the right to receive notice from ATM operator of the existence and amount of any fee that operator might impose on consumers for conducting transactions at the ATM.  15 U.S.C. § 1693b(d)(3).  This requires the ATM operator to place notice both on the machine itself and upon the ATM screen.  15 U.S.C. § 1693b(d)(3)(B)").  A plaintiff seeking statutory

damages under the EFTA need not prove that he or she has sustained any actual financial

loss, or that he or she relied upon the lack of mandatory disclosure as an inducement to

enter into the transaction. *Burns v. First American Bank*, 2006 WL 3754820, *6 (N.D. Ill.

Dec. 19 2006)("Section 1693b(d)(3) prohibits an ATM operator from charging a fee

unless it provides notice of its fee on the machine and on the screen, period, no mention

of a necessary scienter.").

## JURISDICTION AND VENUE

11.     This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331

and 15 U.S.C. §1693, *et seq.*

12.     Plaintiff's claims asserted herein arose in this judicial district and

Defendant does substantial business in this judicial district.

13.     Venue in this judicial district is proper under 28 U.S.C. §1391(b) and (c) in

that this is the judicial district in which a substantial part of the acts and omissions giving

rise to the claims occurred.

## PARTIES

14.     Plaintiff Vicki Piontek, is and, at all times relevant hereto, was a resident of

the Commonwealth of Pennsylvania.

15.     Defendant The Columbia Bank is a Maryland domestic corporation that

operates 41 branch offices and 44 ATMs throughout Maryland and in Franklin County,

Pennsylvania.

16.     Defendant is an automated teller machine operator, as that term is defined

by 12 C.F.R. § 205.16(a), which states: "Automated teller machine operator means any person that operates an automated teller machine at which a consumer initiates an electronic fund transfer or a balance inquiry and that does not hold the account to or from which the transfer is made, or about which the inquiry is made."

<u>**FACTS RELATED TO PLAINTIFF'S TRANSACTION**</u>

17.     On June 23, 2010, Plaintiff made an electronic fund transfer at an ATM operated by Defendant at 5211 Presidents Court, Frederick, Maryland.

18.     At the time of the above-described electronic transaction, Defendant was acting as an "automated teller machine operator" that operated the automated teller machine at which Plaintiff initiated an electronic fund transfer or a balance inquiry and that did not hold the account to or from which the transfer was made.

19.     Defendant charged Plaintiff an "Term. Owner Fee" of $3.00 in connection with the above-described transaction. *See* **Exhibit 1**.

20.     However, at the time of the above-described transaction, there was no notice posted "on or at" the ATM operated by Defendant apprising consumers that a fee would be charged for use of the ATM. *See* **Exhibit 2**; **Exhibit 3**; **Exhibit 4**; **Exhibit 5**; **Exhibit 6**; **Exhibit 7**; **Exhibit 8**; **Exhibit 9**; and **Exhibit 10**.

21.     Because Defendant did not post the required notice, it was not permitted to charge any usage fee to Plaintiff and other class members.

## CLASS ALLEGATIONS

22.     Plaintiff brings this class action on behalf of herself and all others similarly

situated pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure.

23.     Plaintiff seeks to represent a class of persons to be defined as follows:

> All persons who:  1) were charged a "Terminal Fee" at the ATM operated
> by Defendant at 5211 Presidents Court, Frederick, Maryland, when such
> persons made an electronic fund transfer and/or balance inquiry where, 2)
> no notice indicating that such fee was to be charged was posted "on or at"
> the ATM machine.

Plaintiff reserves the right to redefine the class based upon information learned during

discovery.

24.     Congress expressly intended that the EFTA would be enforced, in part,

through private class actions.  15 U.S.C. § 1693m(a).

25.     The EFTA's class action enforcement provisions are identical, in relevant

part, to the class action enforcement provisions of other consumer protection statutes

housed within the Consumer Credit Protection Act (15 U.S.C. §§ 1601 *et seq*.), including,

*inter alia*, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.  There is

abundant authority interpreting and applying these statutory class action provisions.

Federal courts have routinely certified classes relating to consumer claims for statutory

damages, generally, and for violation of the EFTA's ATM fee disclosure provisions,

specifically.  *See, e.g.*, *Flores, supra.*, 2008 WL 4861511 at *3-*5*;  Burns, supra.,* 2006

WL 3754820, at *11-12; *Jackman v. Global Cash Access Holdings*, 09-cv-897 (W.D. Pa.)

(McVerry, J.)(class certified and final settlement approval granted); *Nolf v. Allegheny*

7

*Bank of Pittsburgh*, 09-cv-645 (W.D. Pa.)(Bissoon, J.)(class certified and final settlement approval granted); *Dragotta v. Northwest Bancorp, Inc. d/b/a Northwest Savings Bank*, 09-cv-632 (W.D. Pa.)(Fischer, J.)(class certified and final settlement approval granted); *Parker v. First-Citizen Bank & Trust Company,* 09-cv-0588 (M.D. Tenn.)(Campbell, J.) (class certified and final settlement approval granted); *Polevoy v. Devon Bank*, 08-cv-4822 (N.D. Ill.)(Kennelly, J.)(class certified and final settlement approval granted); *Chernyavsky v. Inland Bank & Trust*, 08-cv-4009, (N.D. Ill.)(Zagel, J.)(class certified and final approval granted); *Stone et al. v. Corus Bank, N.A.*, 08-cv-1746, (N.D. Ill.)(Bucklo, J.)(class certified and final settlement approval granted); *Ochart v. Broadway Bank*, 08-cv-4893, (N.D. Ill.)(Castillo, J.)(class certified and final settlement approval granted); *Anthony v. Fifth Third Bank (Chicago)*, 08-cv-4359, (N.D. Ill.)(Schenkier, J.)(class certified and final settlement approval granted); *Arbelo, et al. v. Charter One Bank*, 08-cv-1516, (N.D. Ill.)(Cox, J.)(class certified and final settlement approval granted); *Escalante v. Lincoln Park Savings Bank*, 08-cv-6152 (N.D. Ill.)(Ashman, J.)(class certified and final settlement approval granted); *Bruner v. AmericaUnited Bank & Trust Company*, 08-cv-124, (N.D. Ill.)(Nolan, J.)(class certified and final settlement approval granted); *Smith v. Credit Union 1*, 07-cv-5939 (N.D. Ill.)(Guzman, J.)(class certified and final settlement approval granted); *Siragusa v. Corporate America Family Credit Union*, 08-cv-4007 (N.D. Ill.)(Gottschall, J.)(class certified and final settlement approval granted);  and, *Marsh v. ATM Capital Management Inc.*, 07-cv-5808, (N.D. Ill.)(Coar, J.) (class certified and final settlement approval granted).

26.    Numerosity:  The class described above is so numerous that joinder of all individual members in one action would be impracticable.  The disposition of the individual claims of the respective class members through this class action will benefit both the parties and this Court.

27.    Plaintiff is informed and believes, and thereon alleges, that there are at minimum, hundreds of members of the class described above.

28.    The exact size of the class and the identities of the individual members thereof are ascertainable through Defendant's records.

29.    Members of the class may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notices, first class mail, or combinations thereof, or by other methods suitable to this class and deemed necessary and/or appropriate by this Court.

30.    Typicality:  Plaintiff's claims are typical of the claims of the members of the class.  The claims of the Plaintiff and members of the class are based on the same legal theories and arise from the same unlawful and willful conduct.

31.    Plaintiff and members of the class were each consumers who used an ATM machine operated by Defendant to make an electronic fund transfer or balance inquiry and were charged a terminal owner fee, notwithstanding that the posting providing notice of the fee required by EFTA "on or at" Defendant's terminals was not present.

32.    Common Questions of Fact and Law:  There is a well-defined community of interest and common questions of fact and law affecting members of the class.

9

33.     The questions of fact and law common to the class predominate over

questions which may affect individual members and include the following:

      a.      Whether, under 15 U.S.C. § 1693b(d)(3)(A) and 12 C.F.R. 205.16, Defendant was, at all relevant times, an automated teller machine operator that imposed a fee on consumers for providing host electronic fund transfer services to those consumers;

      b.      Whether Defendant complied with the notice requirements of 15 U.S.C. § 1693(d)(3)(B) and 12 C.F.R. 205.16; and,

      c.      Whether Plaintiff and members of the class are entitled to statutory damages, costs and/or attorneys' fees for Defendant's acts and conduct.

34.     <u>Adequacy of Representation:</u>  Plaintiff is an adequate representative of the

class because her interests do not conflict with the interests of the members of the class.

Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the

members of the class and has no interests antagonistic to the members of the class.

Plaintiff has retained counsel who are competent and experienced in the prosecution of

class action litigation.

35.     <u>Superiority:</u>  A class action is superior to other available means for the fair

and efficient adjudication of the claims of the class.  While the aggregate damages which

may be awarded to the members of the class are likely to be substantial, the damages

suffered by the individual members of the class are relatively small.  As a result, the

expense and burden of individual litigation makes it economically infeasible and

procedurally impracticable for each member of the class to individually seek redress for

the wrongs done to them.  Plaintiff does not know of any other litigation concerning this

controversy already commenced by or against any member of the class.  The likelihood

of the individual members of the class prosecuting separate claims is remote.

Individualized litigation would also present the potential for varying, inconsistent, or

contradictory judgments, and would increase the delay and expense to all parties and the

court system resulting from multiple trials of the same factual issues.  In contrast, the

conduct of this matter as a class action presents fewer management difficulties, conserves

the resources of the parties and the court system, and would protect the rights of each

member of the class.  Plaintiff knows of no difficulty to be encountered in the

management of this action that would preclude its maintenance as a class action.

## SUBSTANTIVE VIOLATION

36.    15 U.S.C. § 1693b(d)(3)(A) provides that as a prerequisite to imposition of

a usage fee upon a consumer for host transfer services, an automated teller machine

operator must provide notice to the consumer consistent with subparagraph (B) of that

statutory section.

37.    Subparagraph (B) of 15 U.S.C. § 1693(d)(3) provides in relevant part:

(B)  Notice requirements

(iii)    On the machine

The notice required under clause (i) of subparagraph (A) with respect to
any fee described in such subparagraph shall be posted in a prominent and
conspicuous location on or at the automated teller machine at which the
electronic fund transfer is initiated by the consumer.

38.    In turn, subparagraph (c) of 15 U.S.C. § 1693b(d)(3) states, in relevant part:

(C)  Prohibition on fees not properly disclosed and explicitly assumed by the consumer.

No fee may be imposed by any automated teller machine operator in connection with any electronic fund transfer initiated by a consumer for which a notice is required under subparagraph (A), unless—

> (i)    The consumer receives such notice in accordance with subparagraph (B) . . . .

39.    EFTA's statutory notice requirements are reinforced by the implementing regulations set forth at 12 C.F.R. § 205.16.

40.    Defendant violated the notice requirements of EFTA in connection with providing host transfer services to Plaintiff and the Class.

41.    Defendant was prohibited from imposing any usage fee or similar fee for providing host transfer services because it failed to comply with EFTA's notice requirements.

42.    15 U.S.C. § 1693m provides that Defendant shall be liable to Plaintiff and the Class for violations of 15 U.S.C. § 1693, *et seq.* in the amount of, *inter alia,* statutory damages to be determined by the court, the costs of this action and reasonable attorneys' fees.

43.    On November 27, 2009, the Federal Deposit Insurance Corporation ("FDIC") -- Defendant's primary federal regulator -- issued Financial Institution Letter 66-2009 reiterating the fact that the EFTA requires ATM operators to post ATM fee notices both (a) in a prominent and conspicuous location on or at the automated teller machine, and (b) on the screen or on paper before the consumer is committed to paying a

fee.  The letter also noted that the FDIC had first notified FDIC-supervised banks of these requirements in a Financial Institution Letter dated March 23, 2001 (FIL-25-2001).

44.     By way of this action, Plaintiff seeks the imposition of statutory damages, costs of suit and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the members of the class, prays for:

1.     An order certifying the class and appointing Plaintiff as the representative of the class, and appointing counsel for Plaintiff as counsel for the class;

2.     An award to Plaintiff and the members of the class of statutory damages;

3.     Payment of costs of suit; and,

4.     Payment of reasonable attorneys' fees.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

Dated:  July 15, 2010                              Respectfully Submitted,


_____/s/ E. David Hoskins_____
E. David Hoskins, Bar No. 06705
LAW OFFICES OF E. DAVID HOSKINS, LLC
Quadrangle Building at Cross Keys
2 Hamill Road, Ste. 362
Baltimore, Maryland  21210
(410) 662-6500 (Tel.)
(410) 662-7800 (Fax)
dhoskins@hoskinslaw.com

Of Counsel:

R. Bruce Carlson, Esq.
Gary F. Lynch, Esq.
Stephanie K. Goldin, Esq.
CARLSON LYNCH
36 N. Jefferson Street
P.O. Box 7635
New Castle, Pennsylvania  16107
(724) 656-1555
(724) 656-1556